# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————

No. 04-2349

————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Hong Thanh Phan, | * | Western District of Arkansas |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

————

Submitted: March 31, 2005
Filed: April 29, 2005

————

Before MELLOY, McMILLIAN, and GRUENDER, Circuit Judges.

————

PER CURIAM.

Hong Phan, also known as Julie Phan, appeals from the final judgment entered in the District Court[1] for the Western District of Arkansas upon a jury verdict finding her guilty of conspiracy to distribute methamphetamine and distribution of more than 5 grams of actual methamphetamine on July 14, 2003, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii), and 846, and 18 U.S.C. § 2. The district court sentenced Phan to 97 months imprisonment and 5 years supervised release. For reversal, Phan argues that the evidence was insufficient to convict her, and that the district court

---

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

erred in denying her motion to quash the jury pool. For the reasons discussed below, we affirm the judgment of the district court.

The evidence at trial established that an undercover officer and a confidential informant met with Phan's codefendant, Andy Nguyen, to purchase methamphetamine on July 14, 2003. After Nguyen placed a call, Phan showed up with a Band-aid box containing more than 11 grams of actual methamphetamine and accepted $3,200 from the undercover officer. Phan's live-in boyfriend, Kevin Nguyen, supplied the methamphetamine during undercover purchases on other occasions. Andy Nguyen testified that Phan and Kevin Nguyen were his suppliers. Although Phan testified that she knew nothing about the methamphetamine, and that the money she received was payment for a loan she had previously made to Andy Nguyen, the jury was entitled to credit the testimony of the other witnesses over that of Phan. See United States v. Rodriguez-Mendez, 336 F.3d 692, 696 (8th Cir. 2003) (credibility of witnesses is to be determined by jury); United States v. Tensley, 334 F.3d 790, 794-95 (8th Cir. 2003) (testimony of co-conspirators was sufficient to support jury's determination of guilt on conspiracy charge). In addition, drugs and drug paraphernalia were found in the residence Phan shared with Kevin Nguyen, and a drug ledger was found in Phan's purse. This evidence was sufficient to support the jury's verdict. See United States v. Ramirez, 350 F.3d 780, 783 (8th Cir. 2003) (in reviewing challenge to sufficiency of evidence, this court views evidence in light most favorable to government and will reverse only if no reasonable jury could have found guilt beyond reasonable doubt).

We also find that the district court did not err in denying Phan's motion to quash the jury pool. Jury pools are drawn from voter registration lists, and Phan did not offer any evidence that Asian Americans face obstacles to registering to vote in presidential elections. See United States v. Sanchez, 156 F.3d 875, 879 (8th Cir. 1998) (de novo standard of review); United States v. Greatwalker, 356 F.3d 908, 911

(8th Cir. 2004) (per curiam) (disparity between jury pool and general population does not by itself invalidate system).

Accordingly, we affirm.

_____